UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-207 and 1:11-cv-221[1]-RJC

| | |
|---|---|
| FURMAN EUGENE WATKINS, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROBERT C. LEWIS, Director, North )<br>Carolina Prisons, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, (Case No. 1:11-cv-207, Doc. No. 2), an Application to Proceed in District Court Without Prepaying Fees or Costs (Id., Doc. No. 3); and a supplement to the Petition (Case No. 1:11-cv-211, Doc. No. 1).

The Court turns first to Petitioner's Application to proceed with his § 2254 Petition without having to pay the $5.00 filing fee required by 28 U.S.C. § 1914(a). (Case No. 1:11-cv-207, Doc. No. 3). This Application reports that Petitioner is not employed at his prison and does not have access to any financial resources. (Id. at 1-2). Notably, however, Petitioner failed to submit a certified copy of his inmate trust account statement in order to substantiate his claim of total indigence. Consequently, Petitioner's Application, (Case No. 1:11-cv-207, Doc. No. 3), will be denied.

---

[1] Petitioner originally filed his case in the United States District Court for the Eastern District of North Carolina. See Watkins v. Lewis, 5:11hc2161-D. However, because his Petition challenges convictions that were imposed by the Superior Court of Buncombe County, that court transferred the case here. Before the case was transferred, Petitioner filed a supplement to his Petition, which was mistakenly transferred to this District as a second habeas Petition. Consequently, the Court will treat the two documents as a single Petition and will address all of the claims raised therein.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On April 27, 1995, the Superior Court of Buncombe County convicted Petitioner upon his guilty pleas to charges of possession with intent to sell cocaine, conspiracy to sell cocaine and sale of cocaine. It sentenced him to a term of 10 to 12 months' imprisonment. (Case No. 1:11cv207, Doc. No. 2 at 1). Petitioner did not appeal his convictions or sentence. (Id. at 2). Instead, on May 2, 2011, Petitioner filed a petition for writ of habeas corpus in the Superior Court of Buncombe County, essentially raising the same claims as are set forth in the instant Petition. (Id., Doc. No. 2-1 at 11-37). On May 20, 2011, that motion was denied and Petitioner did not seek any further review of his case. (Id. at 1). In fact, Petitioner reports that he did not appeal his present claims because he did not believe that he would obtain any relief on them. (Id., Doc. No. 2 at 5).

Nevertheless, on August 16, 2011, Petitioner filed the instant federal Petition setting forth numerous challenges to his 1995 convictions and sentence. Specifically, Petitioner alleges that: (1) the judge lacked authority to entertain his cases for the drug charges because the corresponding bills of information failed to allege specific quantities; (2) the prosecutor failed to allege drug quantities in the bills of information, thereby divesting him of his authority to prosecute those cases; (3) Petitioner was denied equal protection and was subjected to discrimination when authorities failed to prosecute another individual for a specific drug trafficking offense; (4) "the State's judges, prosecutors, clerks and lawyers are not the keepers or protectors of constitutional law" because they do not represent "the people"; (5) he was denied a sentencing hearing in violation of his federal and State rights; and (6) the trial court violated the Structured Sentencing Act by imposing a 10 to 12-month term under a sentencing range that was incorrectly calculated. (Case No. 1:11-cv-207, Doc. No. 2 at 5-10 and 21; Case No. 1:11-cv-

221, Doc. No. 1 at 1-2). By way of relief, Petitioner asks the Court to vacate his 1995 convictions and immediately release him from prison. (Case No. 1:11-cv-207, Doc. No. 2 at 14).

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing § 2254 Cases directs habeas courts promptly to examine habeas petitions. 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Following this directive, the Court has reviewed the instant Petition and determined that it must be dismissed because Petitioner cannot meet the custody requirement set forth under § 2254.

## III. DISCUSSION

Title 28 U.S.C. § 2254 gives district courts "jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490 (1989) (emphasis in original; internal quotation marks and citations omitted). Courts have "interpreted the statutory language as requiring that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91 (internal quotation mark and citation omitted).

In Maleng, the petitioner filed a § 2254 petition attempting to challenge a 1958 sentence that he had already fully served. Id. at 489-90. In addition, the petitioner alleged that the 1958 conviction had illegally been used to enhance the 1978 sentences that he was serving at the time he filed the habeas petition. Id. at 490. The Supreme Court held that the petitioner was not "in custody" on his 1958 conviction merely because that conviction was used to enhance his 1978 sentences. Id. at 492. Nevertheless, the Court determined that because Maleng's petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly

3

invalid prior conviction," Maleng was entitled to proceed with an attack on the 1978 sentences. Id. at 494.

Here, Petitioner is attempting to challenge the 10 to 12 month sentence that he received in April 1995. (Case No. 1:11cv207, Doc. No. 2 at 1). However, pertinent public records maintained by the North Carolina Department of Correction[2] show that Petitioner's 1995 sentence was fully served at the time of his release from prison in November 1996. Thus, Petitioner is no longer "in custody" on the sentence that he seeks to attack. Petitioner is currently serving an 11-year sentence for various convictions that were imposed in 2008 and are unrelated to the 1995 cases. But the instant Petition cannot be read as challenging his 2008 sentence. The claims in this Petition relate exclusively to Petitioner's 1995 convictions and sentence. The Petition makes no mention whatsoever of the 2008 charges, convictions or sentence. Accordingly, because Petitioner cannot meet the "in custody" requirement, his Petition must be dismissed.

## IV. CONCLUSION

Petitioner has failed to demonstrate that he is "in custody" for purposes of challenging his 1995 convictions and sentence.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, (Case No. 1:11-cv-207, Doc. No. 3), is **DENIED**.

2. No later than twenty (20) days from the filing of this Order, Petitioner shall remit

---

[2] The Court may take judicial notice of matters that are of public record. See Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2001).

his $5.00 filing fee to the Court. **Failure to remit the subject filing fee could result in Petitioner's being precluded from filing any documents with the Court in the future**.

3. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, (Case No. 1:11-cv-221, Doc. No 1; Case No. 1:11-cv-207, Doc. No. 2), is **DISMISSED** as untimely filed.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 29, 2011

Robert J. Conrad, Jr.
Chief United States District Judge